UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERIC GREEN, ) | |
| ) | |
| Petitioner, ) | 3:07-cv-0362-RLH-RAM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BILL DONAT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

     This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada prisoner. By order filed November 24, 2009, the Court granted respondents' motion to dismiss, finding that Grounds 2, 3, 4, and 5(E) were unexhausted. (ECF No. 33). Petitioner filed a motion to stay this action and return to state court to exhaust his unexhausted claims. (ECF No. 34). Therefore, on April 1, 2010, this Court entered an order granting petitioner's motion for a stay and abeyance pending exhaustion of his unexhausted claims. (ECF No. 49). Petitioner has since filed several motions, which the Court addresses in this order.

**I. Motion for Reconsideration**

Petitioner has filed a motion for reconsideration of the Court's order of November 24, 2009, which granted respondents' motion to dismiss. (ECF No. 58). Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four

1  grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of
2  law or fact upon which the judgment is based; (2) the moving party presents newly discovered or
3  previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)
4  there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*,
5  338 F.3d 1058 (9th Cir. 2003).

6  　　　In the instant case, on November 24, 2009, this Court properly entered an order granting
7  respondents' motion to dismiss certain grounds of the petition as unexhausted and certain grounds as
8  not cognizable. (ECF No. 33). The Court granted petitioner the opportunity to return to state court
9  to exhaust his unexhausted claims, and in this order grants petitioner's motion to reopen the case.
10 (ECF No. 49). In his motion for reconsideration, petitioner has not identified any mistake,
11 intervening change in controlling law, or other factor that would require vacating the judgment.
12 Petitioner has not shown that manifest injustice resulted from the order of November 24, 2009.
13 Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner
14 has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his
15 motion for reconsideration. As such, petitioner's motion for reconsideration is denied.

16 **II. Motions to Reopen Case and Motion to Amend Grounds 3 and 4**

17 　　　Petitioner has filed two motions to reopen this habeas corpus case. (ECF Nos. 56 & 59).
18 Respondents filed a non-opposition to the re-opening of this case. (ECF No. 57). Petitioner's
19 further state-court proceedings having concluded, petitioner has now returned to this Court seeking
20 to reopen this case. Good cause appearing, the Court grants petitioner's motions to reopen this case.

21 　　　Petitioner filed a motion to amend/correct Grounds 3 and 4 of the petition. (ECF No. 55).
22 Concurrently, petitioner filed his proposed amendment. (ECF No. 55-1). Respondents filed no
23 opposition to the motion. Good cause appearing, petitioner's motion to amend Grounds 3 and 4 of
24 the petition is granted. The amended Grounds 3 and 4 shall be filed by the Clerk and shall be
25 considered part of the petition.

26

### III. Motion for Appointment of Counsel

Petitioner has filed a motion for the appointment of counsel. (ECF No. 54). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is not justified in this instance. The motion for appointment of counsel is denied.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motions to reopen this action (ECF Nos. 56 & 59) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REOPEN THE FILE**.

**IT IS FURTHER ORDERED** that petitioner's motion to amend Grounds 3 and 4 of the petition (ECF No. 55) is **GRANTED**. The Clerk of Court **SHALL FILE** the amended Grounds 3 and 4 at ECF No. 55-1. The amended Grounds 3 and 4 **SHALL** be considered part of the petition.

**IT IS FURTHER ORDERED** that respondents shall have **thirty (30) days** from the date of issuance of this order to file and serve an answer or other response to the petition, including the amended Grounds 3 and 4.

**IT IS FURTHER ORDERED** that if an answer is filed, petitioner shall have **thirty (30) days** following service of the answer to file and serve a reply brief.

1 **IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 58) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 54) is **DENIED.**

Dated this   5th   day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE