UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERIC GREEN, | |
| Petitioner, | 3:07-cv-00362-RLH-WGC |
| vs. | **ORDER** |
| BILL DONAT, *et al.*, | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada prisoner. By order filed November 24, 2009, the Court granted respondents' motion to dismiss, finding that Grounds 2, 3, 4, and 5(E) were unexhausted. (ECF No. 33). Petitioner filed a motion to stay this action and return to state court to exhaust his unexhausted claims. (ECF No. 34). Therefore, on April 1, 2010, this Court entered an order granting petitioner's motion for a stay and abeyance pending exhaustion of his unexhausted claims. (ECF No. 49).

Nearly two years later, on November 2, 2012, petitioner filed a motion for reconsideration of this Court's November 24, 2009 order, which dismissed certain clams. (ECF No. 58). Petitioner

1  also filed a motion for the appointment of counsel.  (ECF No. 54).  Petitioner had also filed a motion
2  to amend the petition and two motions to reopen the case.  (ECF Nos. 55, 56, 59).  By order filed
3  November 5, 2012, this Court entered an order doing the following: (1) denying petitioner's motion
4  for reconsideration; (2) denying petitioner's motion for counsel; (3) granting petitioner's motion to
5  amend the petition; and (4) granting petitioner's motion to reopen the case.  (ECF No. 60).

6      On November 26, 2012, petitioner filed a notice of appeal of this Court's order filed
7  November 5, 2012.  (ECF No. 62).  This Court construes petitioner's November 26, 2012 notice of
8  appeal as a motion for a certificate of appealability.  In order to proceed with his appeal, petitioner
9  must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R.
10  22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236
11  F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the
12  denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2);
13  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable
14  jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*
15  (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the
16  burden of demonstrating that the issues are debatable among jurists of reason; that a court could
17  resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed
18  further.  *Id.*

19      In the present case, this Court has denied petitioner's motion for reconsideration of the
20  Court's ruling, two years' prior, which determined that some claims were unexhausted and some
21  claims were noncognizable.  (ECF No. 60).  In the same order, this Court granted petitioner's motion
22  to amend the petition and motion to reopen the case.  (*Id.*).  No reasonable jurist could conclude that
23  this Court's order of November 5, 2012 was in error.  Petitioner is not entitled to a certificate of
24  appealability.

25

26

2

**IT IS THEREFORE ORDERED** that petitioner's motion for a certificate of appealability (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

Dated this 9th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE