UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDERIC GREEN,                       )
                                      )
        Petitioner,                   )        3:07-cv-0362-RLH-WGC
                                      )
vs.                                   )        **ORDER**
                                      )
BILL DONAT, *et al.*,                 )
                                      )
        Respondents.                  )
_____/

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada prisoner. Before the Court is respondents' motion to dismiss Grounds 2, 4, and 5(E) of the petition as procedurally defaulted. (ECF No. 74).

**I. Procedural History**

On January 22, 2001, petitioner was charged by information in the state district court with sexual assault (Counts I and II) and with aggravated stalking (Count III). (Exhibit 10). On March 14, 2001, the State filed an amended criminal complaint in the justice court charging petitioner with Counts I and II, sexual assault, and Count III, aggravated stalking. (Exhibit 14). On May 30, 2001, petitioner was bound over for trial following the preliminary hearing. (Exhibit 1). On June 18, 2001, the State filed a second information charging petitioner with the same three counts as

originally charged in the information. (Exhibit 24). The case proceeded to trial. Petitioner's three-day jury trial commenced on December 3, 2001. (Exhibits 54-56). The jury found petitioner guilty of Count I, sexual assault, and Count III, aggravated stalking. (Exhibit 58). The jury acquitted petitioner on Count II, the second charge of sexual assault. (Exhibit 58).

On January 29, 2002, petitioner was sentenced on Count I, sexual assault, to a term of life in the Nevada Department of Corrections with parole eligibility after ten years. Petitioner was sentenced on Count III, aggravating stalking, to a maximum term of 156 months with parole eligibility after 35 months, to run consecutive to Count I. (Exhibit 62, at p. 29). The judgment of conviction was entered on January 29, 2002. (Exhibit 63).

On February 12, 2002, petitioner filed a notice of appeal. (Exhibit 65). On December 11, 2003, the Nevada Supreme Court affirmed petitioner's judgment of conviction in a published decision. (Exhibit 82; *Green v. State*, 119 Nev. 542, 80 P.3d 93 (2003)). Remittitur issued on January 6, 2004. (Exhibit 84).

On April 6, 2004, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 91). The state court appointed counsel to represent petitioner in his state habeas proceedings, and on November 29, 2004, petitioner's counsel supplemented his habeas petition. (Exhibit 93). Following an evidentiary hearing conducted on October 25, 2005, and February 21, 2006, the state district court denied the habeas petition. (Exhibits 102 and 105). On April 4, 2006, the state district court entered written findings of fact and conclusions of law. (Exhibit 108).

Petitioner filed a notice of appeal from the denial of his state habeas petition. (Exhibits 106, 113). On June 4, 2007, the Nevada Supreme Court affirmed the judgment of the state district court. (Exhibit 135). Remittitur was issued on June 29, 2007. (Exhibit 137).

On August 8, 2007, petitioner dispatched his federal habeas petition to this Court. (ECF No. 5). The petition contains six main grounds, in addition to sub-grounds within some claims. (*Id.*)

Respondents moved to dismiss the petition because it contains unexhausted claims and claims that are not cognizable in federal habeas. (ECF No. 15). By order filed November 24, 2009, this Court granted the motion to dismiss. (ECF No. 33). Specifically, this Court found that Grounds 1, 2, 3, 4, and 5(E) of the petition were unexhausted. (*Id.*). This Court additionally found that federal habeas relief was unavailable on Grounds 1, 5(A), and 6(A) because petitioner's acquittal of Count II of the information rendered those claims moot, and as such, the Court dismissed those grounds of the federal petition with prejudice. (ECF No. 33, at pp. 8-10). As to the unexhausted grounds of the petition, petitioner was given options for proceeding with his mixed petition. (ECF No. 33, at p. 10). Petitioner elected to seek a stay and abeyance under *Rhines v. Weber*, which this Court granted by order filed April 1, 2010. (ECF No. 49).

On his return to state court, petitioner filed a second post-conviction habeas petition in the state district court, which re-alleged all the claims petitioner made in the state district court in his first state habeas proceeding. (*Compare* Exhibit 139 *with* Exhibits 90 & 93). Petitioner also filed a motion for the appointment of counsel (Exhibit 140), which the state district court granted (Exhibit 145). Appointed counsel filed a supplemental petition on April 25, 2011. (Exhibit 147).

In an order filed July 25, 2011, the state district court granted the State's motion to dismiss the petition and supplemental petition. (Exhibit 151). Petitioner appealed the denial of his second post-conviction habeas petition. (Exhibit 153). The Nevada Supreme Court issued an order of affirmance on June 13, 2012. (Exhibit 163). The Nevada Supreme Court affirmed the state district court's finding that the second state habeas petition was procedurally defaulted because it was untimely pursuant to NRS 34.726 and successive under NRS 35.810. (Exhibit 163, at pp. 1-2).

Petitioner has now returned to this federal Court seeking relief on his original petition, as modified by petitioner's amended Grounds 3 and 4. This Court granted petitioner leave to amend Grounds 3 and 4 (ECF No. 60) and these grounds are found in the Court's record at ECF No. 61. Respondents have filed a motion to dismiss Grounds 2, 4, and 5(E) of the petition as procedurally

defaulted.  (ECF No. 74).  Petitioner has filed an opposition (ECF No. 77) and respondents have filed a reply (ECF No. 78).  Petitioner has filed two other motions, which this Court now addresses.

**II. Discussion**

    **A. Petitioner's Motions (ECF Nos. 79 & 80)**

Petitioner has filed a motion to correct docket entries.  (ECF No. 80).  Petitioner explains that in his opposition to the motion to dismiss and in his motion for the appointment of counsel, he inadvertently referred to the exhibits at ECF No. 74, when in fact the exhibits are at ECF No. 75.  The Court grants petitioner's motion to correct his reference to the exhibits.  As such, petitioner's motion to correct (ECF No. 80) is granted.

Petitioner also moves for the appointment of counsel.  (ECF No. 79).  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  The Court has previously denied petitioner's motion to appoint counsel in this case.  The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring.  Although petitioner argues to the contrary, the issues in this case are not complex.  It does not appear that counsel is justified in this instance.  The motion for the appointment of counsel (ECF No. 79) is denied.

    **B. Motion to Dismiss (ECF No. 74)**

Respondents bring a motion to dismiss Ground 2, Ground 4, and Ground 5(E) of the petition as procedurally barred.

    **1. Ground 2**

Generally, "a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in the federal court by the

adequate and independent state ground doctrine." *Schneider v. McDaniel*, 674 F.3d 1144, 1152 (9th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. at 730-31. The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994); *see also Calderon v. United States District Court (Bean),* 96 F.3d 1126, 1129 (9th Cir. 1996).

In Ground 2 of the federal petition, petitioner alleges that the trial court erred in giving an "acquittal first" transition instruction, which instructed the jury it must first unanimously acquit the defendant of the primary aggravated stalking charge before considering the lesser-included offense of misdemeanor stalking. This Court previously ruled that Ground 2 was unexhausted because petitioner failed to present a federal constitutional question to the Nevada Supreme Court. (ECF No. 33, at p. 6). On petitioner's return to state court, he filed a second state post-conviction petition and supplemental asserting Ground 2. (Exhibits 139 & 147). The Nevada Supreme Court denied the second state post-conviction petition after it had examined the petition under the state's post-conviction habeas statute. (Exhibit 163). NRS 34.726 provides a one-year limitations period for

filing a state post-conviction petition. NRS 34.810 prohibits a petitioner from seeking post-conviction review more than once absent a showing of cause and prejudice. Applying these standards and reviewing petitioner's arguments, the Nevada Supreme Court denied relief on these procedural grounds, refusing to consider the merits of petitioner's claim. (Exhibit 163).

Both NRS 34.726 and 34.810 have been held to be independent and adequate state procedural rules that will bar federal review. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). Ground 2 of the petition was procedurally defaulted in state court on independent and adequate state law grounds.

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that the failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed,* 489 U.S. 255, 262 (1989) (citations omitted). To demonstrate cause to excuse a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).

Petitioner asserts cause to overcome the procedural default by implicating the performance of his counsel during his first post-conviction proceedings. Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *See Murray*, 477 U.S. at 488. The United States Supreme Court, in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), held that, in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial, ineffective assistance of post-conviction relief (PCR) counsel in that proceeding may establish cause

for a prisoner's procedural default of such a claim. 132 S.Ct. at 1315. The Court stressed, however, that its holding was a "narrow exception" to the rule in *Coleman v. Thompson*, 501 U.S. 722 (1991) that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id.* The Court also took care to point out that the exception does not extend beyond claims that counsel was ineffective at trial. *See id.* at 1320. In the instant case, Ground 2 is beyond the purview of *Martinez*, because the claim is not based on a claim of ineffective assistance of trial counsel, but rather, on a claim of a faulty jury instruction. As such, petitioner's arguments related to his post-conviction counsel are unavailable as a cause external to the defense. Without a showing of cause, much less, prejudice, petitioner has failed to overcome the procedural default of Ground 2. As such, Ground 2 is procedurally barred from review by this Court and will be dismissed on that basis.

**2. Ground 4**

Petitioner's amended Ground 4 alleges that he was "deprived of his right to confront witnesses against him under the 6th and 14th Amendments." Petitioner further alleges that "trial counsel and appellant [appellate] counsel were ineffective by failing to protect petitioner's 6th and 14th Amendment rights." (ECF No. 61). Petitioner's federal petition is an exact reproduction the second argument made in his opening brief on appeal from the denial of his first state habeas petition. (*Compare* ECF No. 61, at pp. 10-13 *with* Exhibit 126, at pp. 15-18). In this claim, petitioner purports to present a substantive Confrontation Clause claim as well as a claim of ineffective assistance of trial counsel for failing to cross-examine victim Camisha Linzie.

However, this Court has previously found that petitioner's opening brief on appeal from the denial of his first state habeas petition presented a claim of ineffective assistance of counsel, not a substantive Confrontation Clause claim. (ECF No. 33, at p. 7). To the extent that Ground 4 asserts a substantive challenge under the Confrontation Clause, that claim has been procedurally defaulted. On petitioner's return to state court, petitioner brought a substantive Confrontation Clause claim.

The Nevada Supreme denied relief on the procedural grounds of NRS 34.726 and 34.810, refusing to consider the merits of petitioner's claim. (Exhibit 163). NRS 34.726(1) (untimeliness) and NRS 34.810 (successive), the state laws given for denying petitioner's claims on return to state court, have long been held to be independent and adequate state law grounds that will bar federal review. *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). The Confrontation Clause claim was procedurally defaulted in state court on independent and adequate state law grounds. Moreover, to the extent petitioner seeks to overcome the procedural default by claiming ineffective assistance of post-conviction relief (PCR) counsel, the Confrontation Clause claim is beyond the purview of *Martinez*, because the claim is not based on a claim of ineffective assistance of trial counsel. As such, petitioner's arguments related to his post-conviction relief counsel are unavailable as a cause external to the defense. Without a showing of cause or prejudice, petitioner has failed to overcome the procedural default of the Confrontation Clause challenge in Ground 4. Moreover, to the extent that the allegations of Ground 4 present ineffective assistance of counsel claims based on a Confrontation Clause issue, Ground 4 is redundant of Grounds 5(C) and 6(B) of the federal petition. For all of the reasons stated above, Ground 4 is dismissed with prejudice.

### 3. Ground 5(E)

In Ground 5(E) of the petition, petitioner alleges that trial counsel failed to request a cautionary instruction regarding Detective Greta Fye's testimony of statements petitioner had made to her. (ECF No. 5, at p. 61). The Court previously ruled this ground unexhausted. (ECF No. 33, at p. 8). Indeed, petitioner did not present this claim until he returned to state court to exhaust his state remedies. (ECF No. 147, at p. 7). On appeal, the Nevada Supreme Court found that the petition, including this claim, was procedurally defaulted as untimely and successive. (ECF No. 163, at pp. 1-2). NRS 34.726(1) (untimeliness) and NRS 34.810 (successive), the state laws given for denying petitioner's claims on return to state court, have long been held to be independent and adequate state

law grounds that will bar federal review. *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Ground 5(E) was procedurally defaulted in state court on independent and adequate state law grounds.

To the extent petitioner asserts cause to overcome the procedural default by implicating the performance of his counsel during his first post-conviction proceedings under the *Martinez* holding, this may serve as cause and prejudice to overcome the procedural default because petitioner's underlying claim is one of ineffective assistance of trial counsel. The Ninth Circuit has noted that, "*Martinez* made clear that a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, *and* whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (emphasis in original). Under *Strickland*, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland v. Washington*, 446 U.S. 668, 684 (1984). The application of the *Strickland* test in this instance means that petitioner is required to show that counsel's representation during his initial post-conviction proceeding was objectively unreasonable, and that, but for counsel's errors, there is a reasonable probability that petitioner would have received relief on his claim of ineffective assistance of trial counsel in state court. *See Sexton*, 679 F.3d at 1157 (indicating that petitioner must establish both prongs of the *Strickland* test to show ineffectiveness of PCR counsel). Because resolution of this issue involves further briefing by the parties, the Court defers the cause and prejudice determination on Ground 5(E) until the merits are briefed in the answer and the reply. As such, respondents' motion to dismiss Ground 5(E) of the petition is denied, without prejudice.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion to correct (ECF No. 80) is **GRANTED.**

1    **IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF
2  No. 79) is **DENIED.**

3    **IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 74) is
4  **GRANTED IN PART AND DENIED PART**, as follows: (1) The motion to dismiss Grounds 2 and
5  4 as procedurally defaulted is **GRANTED**; (2) the motion to dismiss Ground 5(E) of the petition as
6  procedurally defaulted is **DENIED without prejudice.**

7    **IT IS FURTHER ORDERED** that the Court **DEFERS** the cause and prejudice
8  determination on Ground 5(E) until the merits are briefed in the answer and the reply.  In the answer
9  and the reply, the parties **SHALL BRIEF** the cause-and-prejudice issue of whether counsel's
10 representation during petitioner's initial post-conviction proceeding was objectively unreasonable,
11 and whether, but for counsel's errors, there is a reasonable probability that petitioner would have
12 received relief on his claim of ineffective assistance of trial counsel in state court.

13   **IT IS FURTHER ORDERED** that respondents **SHALL FILE AND SERVE AN**
14 **ANSWER** to **Grounds 3, 5(b), (c), (d), (e), (f), and Grounds 6(b) and (c)** of the petition, within
15 **forty-five (45) days** from the entry of this order.  The answer shall include substantive arguments on
16 the merits as to each of the above grounds of the petition.  **No further motions to dismiss will be**
17 **entertained**.

18   **IT IS FURTHER ORDERED** that petitioner **SHALL FILE AND SERVE A REPLY** to
19 the answer, within **forty-five (45) days** after being served with the answer.

20       Dated this ____13th____ day of August, 2013.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE